IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JUAN M. SAUCEDO and NOEMI SAUCEDO<br>Plaintiffs, | § § § | |
| V. | § § | CIVIL ACTION NO. _____ |
| SCOTTSDALE INSURANCE COMPANY and<br>KIMBERLY TULLY,<br>Defendant. | § § § § § | Jury Demand |

**DEFENDANT, SCOTTSDALE INSURANCE COMPANY'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, SCOTTSDALE INSURANCE COMPANY ("Scottsdale") files its Notice of Removal to the United States District Court for the Southern District of Texas, McAllen Division, on the basis of diversity of citizenship and amount in controversy, and respectfully show the following.

**I.**

**Factual Background**

1.  On or about February 11, 2015, Plaintiffs filed their Original Petition in a case styled *Juan M. Saucedo and Noemi Saucedo v. Scottsdale Insurance Company and Kimberly Tully*, Cause No. C-0600-15-D, pending in the 206th Judicial District Court of Hidalgo County, Texas.

2.  The Texas Department of Insurance ("TDOI) received service of Plaintiffs' Original Petition on February 19, 2015. Thereafter, said pleading was forwarded to Scottsdale by certified U.S. mail on February 25, 2015. Scottsdale filed its Original Answer to Plaintiffs' Original Petition on March 17, 2015.

3. Scottsdale files this notice of removal within 30 days of receiving Plaintiffs' pleading. See 28 U.S.C. §1446(b).

4. Attached hereto are copies of the following documents:

- **Exhibit A:** The state court's Docket Sheet;
- **Exhibit B:** Plaintiffs' Original Petition;
- **Exhibit C:** Citation served on Scottsdale;
- **Exhibit D:** Defendants' Original Answer to Plaintiffs' Original Petition; and
- **Exhibit E:** List of Parties and Counsel

## II.

### Basis For Removal

5. Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

**A.  Plaintiffs and Scottsdale Are Diverse**

6. Plaintiffs are, and were at the time the lawsuit was filed, residents and citizens of Texas.

7. Defendant Scottsdale is incorporated under the laws of the State of Arizona with its principal place of business in Arizona.

8. Co-Defendant, Tully, not a proper party to this lawsuit, is a citizen of the State of Texas.

2176767V1
04805.135

### a.  Defendant Tully has been improperly joined in this lawsuit.

9.  A party may establish improper joinder when it shows (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a state-law claim against the non-diverse defendant. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004), cert. denied, 544 U.S. 992 (2005); *Griggs v. State Farm Lloyd's*, 181 F.3d 694, 699 (5th Cir. 1999). Scottsdale would show that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant, individually," which is the test adopted by the Fifth Circuit in *Smallwood*. 385 F.3d at 573. Tully, an independent adjuster with Wardlaw Claims Service, committed no tort in her individual capacity.

10.  The Court may conduct the *Smallwood* test using a Rule 12(b)(6) analysis of the Original Petition to determine whether Plaintiffs state a claim, or the Court may use a summary inquiry to identify discrete and undisputed facts that would preclude recovery. *See id.* The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party. *Waters v. State Farm Mut. Auto. Ins. Co.,* 158 F.R.D. 107, 109 (S.D. Tex. 1994). Additionally, "merely *pleading* a valid state law claim . . . against the resident defendant does not mean that the joinder of the resident defendant is not fraudulent . . . ." *Hornbuckle v. State Farm Lloyd's*, 385 F.3d 538, 542 (5th Cir. 2004). In the context of joinder of non-diverse insurance adjusters, the Southern District has required plaintiffs "to allege specific actionable conduct by the adjuster and to distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer." *Okenkpu v. Allstate Texas Lloyd's*, Civ. A. H-11-2376, 2012 WL 1038678 at *7 (S.D. Tex. Mar. 27, 2012) (citing *Centro Cristiano Cosecha Final, Inc. v. The Ohio Casualty Ins. Co.,* Civ. A. No. H–10–1846, 2011 WL 240335, *14 (S.D.Tex. Jan.20, 2011); *Gonzales v. Homeland Ins. Co.*

*of New York,* Civ. A. No. H–11–123, 2011 WL 3104104 (S.D.Tex. July 25, 2011); *Emmanuel Deliverance Temple of Refuge, Inc. v. Scottsdale Ins. Co.,* Civ. A. No. H–10–4162, 2011 WL 2837588 (S.D.Tex. July 18, 2011); *Jiminez v. Travelers Indem. Co.,* Civ. A. No. H–09–1308, 2010 WL 1257802, *6 (S.D.Tex. Mar.25, 2010); *Glen Willow Apartments v. Lexington Ins. Co.,* Civ. A. No. H–10–2095, 2011 WL 1044206, *3 (March 16, 2001)).

11.   Here, Plaintiffs fail to offer any specific facts in support of their claims against Tully that are distinct from Plaintiffs' claims against Scottsdale, and therefore fail to state a viable state law claim against Tully, individually. *See Okenkpu,* 2012 WL 1038678 at *7; *Keen v. Wausau Business Ins. Co.,* 875 F.Supp.2d 682 (S.D.Tex. 2012) (Harmon, J.) ("[W]hen an adjuster's actions 'can be accomplished by [the insurer] through an agent' and when the claims against the adjuster are identical to those against the insurer, the adjuster's actions 'are indistinguishable from [the insurer's] actions' and hence are insufficient to support a claim against the adjuster.") (citing *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.,* 2011 WL 240335, *14 (S.D. Tex. 2011)).

12.   Plaintiffs' allegations against Tully are conclusory, in that they contain no reference to any material facts to which the law should apply. Aside from alleging that Tully was an adjuster assigned by Scottsdale to adjust the claim, Plaintiffs' only factual allegations that apply specifically to Tully are the generic and conclusory allegations that Tully: i) improperly adjusted the claim; ii) conducted a substandard inspection solely because she found very little evidence of storm related damage to Plaintiffs' property upon inspection, thus failing to allow for "adequate funds" to repair the subject property; and iii) made unspecified misrepresentations to Plaintiffs and Scottsdale, causing underpayment of Plaintiffs' claim. Just as in the *Okenkpu* case cited above, the Original Petition "fails to specify any statements which Plaintiffs consider to be

misrepresentations or fraudulent, [Plaintiffs do] not identify when and where these statements were made or why they are fraudulent or misrepresentative." *Okenkpu*, 2012 WL 1038678 at *6.

13. Briefly summarizing statutory language and common law causes of action, as Plaintiffs did here, is not the same as pleading actionable facts to which a cause of action should apply. Thus, there is no reasonable basis for the Court to predict that Plaintiffs might be able to recover against Tully. *Griggs*, 181 F.3d at 699-701; *Keen*, 875 F.Supp.2d at 686 (because Plaintiff's claims against the adjuster are identical to his claims against the insurer, Plaintiff fails adequately to state a claim against the adjuster); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, 2009 WL 1437837, at *3-4 (N.D. Tex. 2009) (finding allegations that listed Insurance Code provisions and asserted that "Defendants" violated such provisions "are really legal conclusions couched as factual allegations"); *Lakewood Chiropractic Clinic*, 2009 WL 3602043, at *3 (S.D. 2009) (holding that "near verbatim recitations of portions of Chapters 541 and 542 of the Texas Insurance Code" without "facts illustrating what actions are attributable to [the adjuster] individually" does not provide a reasonable basis of recovery).

14. Further, without asserting facts as to how Tully, individually and not as an independent adjuster assigned by Scottsdale, committed an actionable violation of the Texas Insurance Code, Plaintiffs' claims cannot survive dismissal.[1] Generic allegations will not support an arguable basis of individual liability against the individual Non-Insurer Defendants.[2] Texas law is clear that to be liable for alleged Insurance Code violations, the adjuster, individually, must have committed the violation that caused the harm.[3] Here, the alleged harm is Scottsdale's failure to pay the claim.

---

[1] *See Twombly*, 550 U.S. at 555.
[2] *Caballero v. State Farm Lloyds*, 2003 WL 23109217 (S.D.Tex. 2003) (Hudspeth, J.) (not designated for publication).
[3] *Frisby v. Lumberman's Mut. Cas. Co.*, 500 F.Supp.2d 697 (S.D.Tex. 2007).

15. "[T]o state a valid state law cause of action, Plaintiffs' Petition must demonstrate a 'factual fit' between the allegations and the pleaded theory of recovery."[4] It does not. Mere recitals of the elements of a cause of action supported by conclusory statements are insufficient to establish a state law cause of action.[5] It is not the law in Texas that any time an adjuster writes an estimate below a policy's deductible or for less than full limits of the policy that a reasonable possibility of recovery against him/her individually exists because he/she theoretically could have possibly violated the Insurance Code. *McGinty v. Hennen*, 372 S.W.3d 625, 658 (Tex. 2012) (overturning a jury verdict finding that an expert's repair estimate using Xactimate was not legally sufficient evidence of damages). The Court noted that the expert's testimony that the software was widely used and how he derived his figures in his estimate "did not in itself make the figure reasonable."[6] This, however, is precisely the pleaded claims against Tully in the Original Petition. As pleaded, these claims are not actionable, but are asserted only in an attempt to defeat diversity jurisdiction.

16. The claim at issue, no matter how Plaintiffs couch it in the lawsuit, is whether Scottsdale owes Plaintiffs any amount for a covered loss. Plaintiffs' claim is for economic losses against Scottsdale, which are contractual claims. Further, a *bona fide* dispute as to coverage or the amount of the claim precludes claims of bad faith and Insurance Code violations as a matter of law. Therefore, Plaintiffs' assertions against Tully, the non-diverse defendant, fail to show any likelihood of recovery against Tully, individually. The citizenship of the non-diverse defendant, Tully, therefore, is disregarded and removal of this case is proper.

---

[4] *See First Baptist Church of Mauriceville, Texas v. Guideone Mut. Ins. Co.*, 2008 WL 4533729 (E.D.Tex. 2008 (not designated for publication) (Hines, J.) *See also Terrell v. Ace European Group Ltd.*, No. 1:09-cv-506, slip op. at 12 (E.D. Tex. Feb. 24, 2010) (citing *Griggs v. State Farm Lloyd's*, 181 F.3d 694, 700 (5th Cir. 1999)).
[5] *See Ashcroft v. Iqbal*, 129 S.Ct 1297 (2009).
[6] *Id.* at 627-28.

        b.     **The amount in controversy exceeds the jurisdictional requirements for subject matter jurisdiction.**

17. As alleged in their Original Petition, Plaintiffs seek monetary relief between the amounts of $100,000 and $200,000. *See* Original Petition, paragraph 98 (**Exhibit B**). For this reason, the amount in controversy exceeds the jurisdictional requirements.

### III.

### The Removal is Procedurally Correct

18. Scottsdale first obtained notice of this lawsuit on February 19, 2015, when the TDOI received service of the Original Petition. Thus, Scottsdale is filing this Notice within the 30 day time period required by 28 U.S.C. § 1446(b).

19. Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this District and Division.

20. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

21. Promptly after Scottsdale files this Notice of Removal, written notice of the filing will be given to Plaintiffs pursuant to 28 U.S.C. §1446(d).

22. Promptly after Scottsdale files this Notice of Removal, a true and correct copy of same will be filed with the Clerk of the Hidalgo County District Court pursuant to 28 U.S.C. §1446(d).

23. Consent of an improperly joined defendant is not necessary for removal. However, Defendant Tully consents to this removal.

## IV.

## Conclusion

24. Based upon the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Scottsdale hereby removes this case to this Court for trial and determination.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, LLP

/s/   George Arnold
**George H. Arnold,** *Attorney-in-Charge*
Southern District Bar No. 15948
State Bar No. 00783559
**Christina M. Fears**
Southern District Bar No. 2368166
State Bar No. 24060923
One Riverway, Suite 1400
Houston, Texas  77056
Telephone:    (713) 403-8210
Facsimile:     (713) 403-8299
E-Mail:  garnold@thompsoncoe.com
              cfears@thompsoncoe.com

*COUNSEL FOR DEFENDANT -*
*SCOTTSDALE INSURANCE COMPANY*

2176767V1
04805.135

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 23, 2015, a true and correct copy of the foregoing instrument was delivered to all known counsel of record in accordance with the Federal Rules of Civil Procedure, and any applicable Local Rules, as follows:

Martin J. Phipps, Esq.
Blayne Fisher, Esq.
PHIPPS, L.L.P.
102 Ninth Street
San Antonio, Texas   78215

*Counsel for Plaintiff*

/s/  George Arnold
GEORGE H. ARNOLD

- 9 -

2176767V1
04805.135

## VERIFICATION

STATE OF TEXAS                      §
                                         §
COUNTY OF HARRIS            §

       BEFORE ME, the undersigned notary public, on this day personally appeared GEORGE H. ARNOLD, who, being by me duly sworn, on his oath deposed and said that he has read the foregoing Notice of Removal and that the statements contained therein are within his knowledge and true and correct.

_____
GEORGE H. ARNOLD

       SUBSCRIBED AND SWORN TO BEFORE ME by George H. Arnold on this, the 23rd day of March, 2015, to certify which witness my hand and official seal.

[Notary Seal: SYLVIA R. MARTINEZ, Notary Public, STATE OF TEXAS, My Comm. Exp. May 30, 2016]

_____
NOTARY PUBLIC
State of Texas