Electronically Filed
2/11/2015 11:33:19 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. C-0600-15-D

| | | |
|---|---|---|
| JUAN M. SAUCEDO and<br>NOEMI SAUCEDO | §<br>§<br>§ | IN THE DISTRICT COURT **RECEIVED** |
| *Plaintiffs,* | §<br>§<br>§ | **MAR 3 - 2015** |
| v. | §<br>§ | ___ TH JUDICIAL DISTRICT **CLAIMS LEGAL** |
| SCOTTSDALE INSURANCE<br>COMPANY and KIMBERLY TULLY | §<br>§<br>§ | |
| *Defendants.* | §<br>§ | HIDALGO COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW PLAINTIFFS JUAN M. SAUCEDO and NOEMI SAUCEDO ("PLAINTIFFS"), and file their Original Petition, complaining of SCOTTSDALE INSURANCE COMPANY ("SCOTTSDALE") and KIMBERLY TULLY ("TULLY") (collectively referred to as "Defendants"), and allege and state as follows:

### A. DISCOVERY CONTROL PLAN

1.      Plaintiffs intends for discovery in this action be conducted under Level 2, in accordance with Tex. R. Civ. P. 190.3.

### B. PARTIES

2.      Plaintiffs, JUAN M. SAUCEDO and NOEMI SAUCEDO ("PLAINTIFFS"), are individuals residing in a Hidalgo County, Texas at 2313 Erie Avenue, McAllen, Texas 78503.

3.      Defendant, SCOTTSDALE INSURANCE COMPANY ("SCOTTSDALE"), is a foreign insurance carrier, organized and existing under the laws of Ohio and authorized to conduct business in Texas, may be served with process by serving the Texas commissioner of Insurance at 333 Guadalupe Street, Austin, Texas 78701, who will forward the citation and

EXHIBIT
B

Electronically Filed
2/11/2015 11:33:19 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0600-15-D

petition to SCOTTSDALE'S President, Michael Miller, at 8877 North Gainey Center Drive, Scottsdale, Arizona 85258.

4.    Defendant, KIMBERLY TULLY ("TULLY"), is an individual residing in and domiciled in Texas who is engaged in the business of adjusting insurance claims in the State of Texas. This Defendant may be served with process by a process server at her place of residence or place of business, or wherever she may be found.

## C. JURISDICTION

5.    This Court has subject-matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

6.    This Court has jurisdiction over Defendant SCOTTSDALE because this Defendant purposefully availed itself of the privilege of conducting business in the State of Texas and established minimum contacts sufficient to confer jurisdiction over this Defendant, and the assumption of jurisdiction over SCOTTSDALE will not offend traditional notions of fair play and substantial justice and is consistent with constitutional requirements of due process.

7.    Plaintiffs would show that Defendant SCOTTSDALE had continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendant.

8.    Plaintiffs would also show that the cause of action arose from or relates to the contacts of Defendant SCOTTSDALE to the State of Texas, thereby conferring specific jurisdiction with respect to this Defendant.

9.    Furthermore, Plaintiffs would show that Defendant SCOTTSDALE engaged in activities constituting business in the State of Texas as provided by Section 17.042 of the Texas Civil Practices and Remedies Code, in that said Defendant contracted with a Texas resident and

Electronically Filed
2/11/2015 11:33:19 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0600-15-D**

performance of the agreement in whole or in part thereof was to occur in Texas, committed a tort in whole or in part in Texas, and recruits or has recruited Texas residents for employment inside or outside the state.

10.    This Court has jurisdiction over Defendant TULLY because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arises out of this Defendant's business activities in the State of Texas.

## D. VENUE

11.    Venue is proper in Hidalgo County, Texas, because the insured property is situated in Hidalgo County, Texas. Tex. Civ. Prac. & Rem. Code §15.032.

## E. CONDITIONS PRECEDENT

12.    All conditions precedent to recovery have been performed, waived, or have occurred.

## F. AGENCY AND *RESPONDENT SUPERIOR*

13.    Whenever in this petition it is alleged that SCOTTSDALE did any act or omission, it is meant that SCOTTSDALE itself or its agents, officers, servants, employees, or representatives did such act or omission, and it was done with the full authorization or ratification of SCOTTSDALE or done in the normal routine, course and scope of the agency or employment of SCOTTSDALE or its agents, officers, servants, employees, or representatives.

## G. FACTS

14.    Plaintiffs are the owners of Texas Insurance Policy No. CPS1384867 (hereinafter referred to as "the Policy"), which was issued by Defendant SCOTTSDALE.

15.    Plaintiffs own the insured residential property specifically located at 2313 Erie Avenue, McAllen, Hidalgo County, Texas 78503 (hereinafter referred to as "the Property").

Plaintiffs' Original Petition

Electronically Filed
2/11/2015 11:33:19 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0600-15-D

16. Defendant SCOTTSDALE sold the Policy insuring the Property to Plaintiffs.

17. On or about March 29, 2012, a severe hailstorm and/or windstorm struck Hidalgo County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiffs' Property ("the Storm"). Specifically, Plaintiffs' roof sustained extensive damage during the Storm. Water intrusion through the roof caused extensive damage throughout the interior of the Property including, but not limited to, the interior ceilings, walls, insulation, and flooring of the Property. Plaintiffs' Property also sustained substantial exterior damage during the Storm..

18. After the Storm, Plaintiffs filed a claim (Claim No. 01536443) with their insurance company, Defendant SCOTTSDALE, for the damages to the Property caused by the Storm.

19. Plaintiffs submitted a claim to Defendant SCOTTSDALE against the Policy for Roof Damage, Structural Damage, Water Damage, and Windstorm and Hail Damage the Property sustained as a result of the Storm.

20. Plaintiffs requested that Defendant SCOTTSDALE cover the cost of repairs to the Property pursuant to the Policy, including but not limited to: repair and/or replacement of the roof and repair of the interior and exterior damages to the Property.

21. Defendant TULLY was the adjuster assigned by SCOTTSDALE to adjust the claim. TULLY was improperly trained and failed to perform a thorough investigation of Plaintiffs' Hail and Wind Damage Property claim and intentionally, knowingly and deceptively, with malice, set out to deny all or a portion of the Plaintiffs' Hail and Wind Damage Property claim by engaging in false, misleading, deceptive and fraudulent acts and practices of omission and commission which ultimately resulted in Plaintiffs being denied the benefit of the bargain

Electronically Filed
2/11/2015 11:33:19 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0600-15-D

and loss payments due under the terms and conditions of the Policy of Insurance issued by SCOTTSDALE.

22.     TULLY'S adjustment of the claim fraudulently, wrongfully, deceptively and negligently denied portions of the claim and undervalued the cost of repair and/or replacement of covered items of damage to the insured Property in the claim report, which resulted in Plaintiffs receiving insufficient funds from SCOTTSDALE to cover the losses sustained by Plaintiffs to repair and/or replace the insured Property damaged by the Storm, excluding the amounts of the deductible and non-recoverable depreciation assessed pursuant to the terms and conditions of the Policy for which Plaintiffs were responsible.

23.     As a result thereof, on or about June 13, 2014, Plaintiffs received a letter from SCOTTSDALE in which it advised that based on TULLY'S report the damages were below the Policy deductible and the claim could not be covered.

24.     Based upon information and belief, Defendant TULLY was compensated on a per claim adjusted basis and/or other combination of compensation tied to the quantity of claims adjusted.  TULLY was therefore motivated to conduct an inadequate and substandard claim investigation of Plaintiffs' Hail and Wind damage loss to Plaintiffs' Property resulting from the Storm in order to increase the number of claims adjusted by her for her personal pecuniary benefit, as indicated below in sub-paragraphs (a) thru (g).  Defendant TULLY was negligent in violating SCOTTSDALE'S written policies as they relate to claims handling practices by failing to fully investigate and document all damage to Plaintiffs' insured Property and by failing to fully investigate and evaluate the Plaintiffs' insured loss based upon local replacement and/or repair costs for each item of damage, as indicated below in sub-paragraphs (a) thru (g).  Additionally, based upon information and belief and the acts and practices actually employed by

Electronically Filed
2/11/2015 11:33:19 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0600-15-D

Defendant TULLY, TULLY held a personal bias in favor of insurance companies and prejudice against insurance claimants generally, and more specifically towards Plaintiffs herein as specifically demonstrated below in sub-paragraphs (a) thru (b).   Defendant TULLY, intentionally, knowingly and fraudulently, with malice, engaged in the following specified acts and practices, among others stated herein, in violation of and in breach of the adjuster's moral, ethical and legal duties to Plaintiffs as a licensed claims adjuster, which was a producing and proximate cause of the damages and losses sustained herein by Plaintiffs resulting in the denial and/or underpayment of Plaintiffs claim; to wit:

     a)    TULLY'S investigation and inspection for damages to the Plaintiffs' Property was performed in less than one (1) hour, which was an insufficient time period to perform an adequate assessment of the damage to the Property resulting from the Storm;

     b)    TULLY failed to and/or refused to properly interview the Plaintiffs to ascertain other damages that were not readily apparent or would not be readily apparent to an individual unfamiliar with the property in its Pre-Storm condition;

     c)    TULLY refused to and did not inspect for hidden or latent damage resulting to Plaintiffs' Property that is customarily found to exist in Property that has gone through a hail and wind storm of the severity of that which occurred in the Rio Grande Valley area on March 29, 2012;

     d)    TULLY failed and refused to include the usual and customary charges for costs of materials, supplies, labor and contractor's overhead and profit charged by contractors in the Rio Grande Valley for the repair, replacement and restoration of the Plaintiffs' Property damaged by the Storm;

Electronically Filed
2/11/2015 11:33:19 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0600-15-D

e)  TULLY performed only a cursory inspection of the roof, exterior and interior of the insured Property; and failed to assess, estimate and include covered damage to the property in the report and adjustment of loss to SCOTTSDALE for exterior and interior water damages and/or note other damages existing to the Property at the time of inspection such as appliances, ceilings and walls that were sustained as a result of the Storm;

f)  TULLY, during her investigation of the Plaintiffs' claim, failed to include all damages sustained to the Property by the Storm, thus submitting an inaccurate and false report of Plaintiffs' covered Storm Property losses to SCOTTSDALE;

g)  TULLY fraudulently represented to Plaintiffs verbally and by conduct, in preparing an inadequate, incomplete and undervalued estimate of the cost of replacement and/or repair of Storm damage to Plaintiffs' Property, that the majority of the damages to the Property were not severe or Storm related; and that most, if not all, of the covered damages found to exist upon observation of Plaintiffs' Property, were not covered by the Policy, but were due to normal wear and tear or the result of other causes, when in fact such damage was Storm related and should have been included in TULLY'S report to SCOTTSDALE.

25.  Defendant SCOTTSDALE failed to thoroughly review the fraudulent and inaccurate assessment of the claim by TULLY, and ultimately approved TULLY'S inaccurate report of the damages to the Property.

26.  The mishandling of Plaintiffs' claim has also caused a delay in the ability to fully repair the Property, which has resulted in additional damages. To date, Plaintiffs have yet to receive the full payment to which they are entitled under the Policy and have not been able to

Electronically Filed
2/11/2015 11:33:19 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0600-15-D

fully repair or replace the damage to the insured Property.

27.    Defendant TULLY is individually legally liable to Plaintiffs for the losses and damages sustained as a direct, producing and proximate cause of the acts of omission and commission detailed herein and above, for which Plaintiffs here now sue for the recovery of monetary damages within the jurisdictional limits of this court against said Defendant.

28.    In the alternative, without waiving the foregoing, and based upon information and belief, SCOTTSDALE, in hiring adjusters and claims representatives, was responsible to and had a legal duty to ensure that they hired and retained competent, qualified and ethical licensed adjusters and claims representatives who would deal fairly, honestly and in good faith with the policy holders of SCOTTSDALE in the practice of insurance claims handling. SCOTTSDALE breached such duties in connection with Plaintiffs' Property Damage claim resulting from the Storm by failing to properly train, direct and oversee the claims handling practices employed by TULLY.

29.    At all times material herein, SCOTTSDALE had a non-delegable contractual legal duty to timely, fairly and in good faith fully investigate, process, adjust, timely pay and re-adjust claims for all covered losses sustained by its policy holders as a result of the Storm, including Plaintiffs. SCOTTSDALE represented that it would do so in advertising mediums throughout the State of Texas and specifically in writing to its policy holders as an inducement for them to purchase and continue to renew homeowners and business property insurance with SCOTTSDALE. Due to a lack of knowledge and understanding of the insurance claims handling process, knowledge of construction costs and insurance policy coverage issues relating to storm related property losses, Plaintiffs relied on such representations to their detriment, purchased the Policy from SCOTTSDALE and accepted the estimate of damages from TULLY

Electronically Filed
2/11/2015 11:33:19 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0600-15-D

which, unknown to Plaintiffs, included denial and underpayment of covered losses and damages sustained in the Storm. SCOTTSDALE made such representations knowing they were false and with the intent that Plaintiffs rely on such representations. SCOTTSDALE, having breached its legal duty to timely, fairly and in good faith investigate, process, adjust and pay for all covered losses sustained by Plaintiffs herein, is responsible for the acts of omission and commission set forth herein and above in connection with TULLY'S investigation and claims handling practices employed to deny and/or underpay the covered losses and damages sustained by Plaintiffs as a result of the Storm.

30.     SCOTTSDALE distributed training, educational, and instructional materials to the field claim representatives and adjusters such as TULLY; held meetings and issued directives to the field instructing how SCOTTSDALE wanted the hail losses like Plaintiffs' to be handled. SCOTTSDALE communicated and disseminated claims handling practices and methodologies to its field adjusters such as TULLY of 1) "Quantity over Quality", 2) Minimization of damage estimates, 3) Under-valuation of reported replacement and/or repair estimates, and 4) Omission of probable covered damages in the report to the Property from the Storm. These policies served to fuel and motivate TULLY'S individual pre-disposition of bias in favor of insurance companies and prejudice towards claimants and the resulting losses sustained by Plaintiffs as set forth herein.

31.     Additionally, SCOTTSDALE and TULLY, collectively and individually, conspired to and did breach their duty of good faith, fair dealing and timely payment of all covered losses owed to Plaintiffs resulting from the Storm as set forth below.

32.     On April 23, 2014, Defendant TULLY conducted a substandard and incomplete inspection of Plaintiffs' Property. Plaintiffs' damages were noted in an inaccurate report and/or

---

Electronically Filed
2/11/2015 11:33:19 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0600-15-D

estimate of Plaintiffs' Storm damages, which failed to include many of the damages noted upon inspection and grossly underestimated and undervalued those damages that were included.

33.    Defendant SCOTTSDALE failed to thoroughly review the assessment of the claim by Defendant TULLY and ultimately approved TULLY'S inaccurate report of the damages. As a result, Plaintiffs were considerably underpaid on their claim and have suffered damages.

34.    Together, Defendants set out to deny and/or underpay properly covered damages. As a result of Defendants' unreasonable investigation, including their under-scoping and incomplete inspection of Plaintiffs' Storm damages during their investigation(s) and failure to provide full coverage for the damages sustained by Plaintiffs, Plaintiffs' claim was improperly adjusted, and Plaintiffs were denied adequate and sufficient payment to repair the Property and have suffered damages.

35.    On or about April 23, 2014, TULLY intentionally, knowingly and as directed by SCOTTSDALE, conducted a substandard investigation of Plaintiffs' claim with the intent to underpay or deny all or a portion of the claim for the benefit of SCOTTSDALE, which resulted in losses and damages to Plaintiffs' Property.  This practice of wrongfully denying and/or underpaying claims of SCOTTSDALE policy holders for covered losses sustained by them in the Storm by refusing to fully inspect the Property for damage, misrepresenting coverage, the scope of coverage and loss, under-estimating repair costs, denying claims for covered losses underpaying covered losses of its insured policy holders, was specifically employed by TULLY in connection with the handling of the claim for damages and losses sustained by Plaintiffs as a result of the Storm.

36.    Defendant TULLY, engaged in a claims processing handling practice designed by

Electronically Filed
2/11/2015 11:33:19 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0600-15-D

SCOTTSDALE to reduce the overall loss payments SCOTTSDALE was obligated contractually to pay policyholders as a whole in the Rio Grande Valley area for the covered losses resulting from the Storm. SCOTTSDALE directed its adjusters and claim representatives to misrepresent coverage, the scope of coverage and loss, under-estimate repair costs, deny claims for covered losses, underpay covered losses of its insured policy holders, refuse to inspect portions of the properties damaged, and claim that damage to the property found to exist was due to normal wear and tear or was the result of other causes that pre-existed the Storm as a basis for not including those damages in the report. Plaintiffs' claim, as demonstrated herein, is typical of the deceptive acts and practices and unfair claims settlement practices intentionally and knowingly employed by Defendants SCOTTSDALE and TULLY in connection with the handling of Plaintiffs' claim.

37.    As detailed in the paragraphs below, Defendant SCOTTSDALE wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, Defendant SCOTTSDALE underpaid some of the Plaintiffs' claims by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

38.    To date, Defendant SCOTTSDALE continues to delay in the payment for the damages to the Property. As such, Plaintiffs have not been paid in full for the damages to their Property.

39.    Defendant SCOTTSDALE failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property, and all conditions precedent to recovery upon the

Electronically Filed
2/11/2015 11:33:19 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0600-15-D

Policy had been carried out and accomplished by Plaintiffs. Defendant SCOTTSDALE'S conduct constitutes a breach of the insurance contract between SCOTTSDALE and Plaintiffs.

40.   Defendants misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §§541.060(a)(1).

41.   Defendants failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

42.   Defendants failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements of payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

43.   Defendants failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

44.   Defendants refused to fully compensate Plaintiffs, under the terms of the Policy,

Electronically Filed
2/11/2015 11:33:19 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0600-15-D

even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an incomplete and outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

45.    Defendant SCOTTSDALE failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim. SCOTTSDALE'S conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

46.    Defendant SCOTTSDALE failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. SCOTTSDALE'S conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

47.    Defendant SCOTTSDALE failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for the claim. SCOTTSDALE'S conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

48.    From and after the time Plaintiffs' claim was presented to Defendant SCOTTSDALE, the liability of SCOTTSDALE to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, SCOTTSDALE has refused to pay Plaintiffs

Electronically Filed
2/11/2015 11:33:19 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0600-15-D

in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. SCOTTSDALE'S conduct constitutes a breach of the common law duty of good faith and fair dealing.

49.     Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

50.     As a result of Defendants wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who is representing them with respect to these causes of action.

## H. CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST DEFENDANT KIMBERLY TULLY

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

51.     Plaintiffs replead all of the material allegations above set forth in Paragraphs 1-50 and incorporate the same herein by this reference as if here set forth in full.

52.     Defendant SCOTTSDALE assigned Defendant TULLY to adjust the claim. Defendant TULLY was inadequately and improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiffs' damages. During the investigation, TULLY failed to properly assess Plaintiffs' Storm damages and omitted properly covered damages from her reports and/or estimates of the damages, including all of Plaintiffs' interior and exterior damages. In addition, the damages that TULLY did include in her estimates and reports were grossly undervalued and underestimated. As a result, Plaintiffs were considerably underpaid on their claim and have suffered damages.

Electronically Filed
2/11/2015 11:33:19 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0600-15-D

53.    Defendant TULLY'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

54.    Defendant TULLY is individually liable for her unfair and deceptive acts, despite the fact she was acting on behalf of SCOTTSDALE, because she is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2)(emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

55.    Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendant's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating that Plaintiffs' damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiffs received. Defendant TULLY'S unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of

Electronically Filed
2/11/2015 11:33:19 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0600-15-D

insurance. TEX. INS. CODE §541.060(a)(1).

56.    Defendant TULLY failed to make an attempt to settle Plaintiffs' claim in a fair manner, although she was aware of Defendant's liability to Plaintiffs under the Policy. Defendant TULLY'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

57.    Defendant TULLY failed to explain to Plaintiffs the reasons for her offer of an inadequate settlement.   Specifically, Defendant TULLY failed to offer Plaintiffs adequate compensation without any explanation as to why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. The unfair settlement practice of Defendant TULLY as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

58.    Defendant TULLY'S unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

59.    Defendant TULLY did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiffs' exterior and interior damages. Defendant TULLY'S unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without

Electronically Filed
2/11/2015 11:33:19 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0600-15-D**

conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### CAUSES OF ACTION AGAINST
### SCOTTSDALE INSURANCE COMPANY

60.    Plaintiffs replead all of the material allegations above set forth in Paragraphs 1-59 and incorporate the same herein by this reference as if here set forth in full.

61.    Defendant SCOTTSDALE is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

62.    Plaintiffs replead all of the material allegations above set forth in Paragraphs 1-61 and incorporate the same herein by this reference as if here set forth in full.

63.    Defendant SCOTTSDALE'S conduct constitutes a breach of the insurance contract made between SCOTTSDALE and Plaintiffs.

64.    Defendant SCOTTSDALE'S failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of SCOTTSDALE'S insurance contract with Plaintiffs.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

65.    Plaintiffs replead all of the material allegations above set forth in Paragraphs 1-64 and incorporate the same herein by this reference as if here set forth in full.

66.    Defendant SCOTTSDALE'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations

Electronically Filed
2/11/2015 11:33:19 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0600-15-D

under this article are made actionable by TEX. INS. CODE §541.151.

67. Defendant SCOTTSDALE'S unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of compensation and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

68. Defendant SCOTTSDALE'S unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though SCOTTSDALE'S liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

69. Defendant SCOTTSDALE'S unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

70. Defendant SCOTTSDALE'S unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

71. Defendant SCOTTSDALE'S unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(A)(7).

Electronically Filed
2/11/2015 11:33:19 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0600-15-D

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

72.     Plaintiffs replead all of the material allegations above set forth in Paragraphs 1-71 and incorporate the same herein by this reference as if here set forth in full.

73.     Defendant SCOTTSDALE'S conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

74.     Defendant SCOTTSDALE'S failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

75.     Defendant SCOTTSDALE'S failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

76.     Defendant SCOTTSDALE'S delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## RESPONSIBILITY FOR ACTS OF AGENTS AND RATIFICATION OF ACTS

77.     Defendant TULLY, whose conduct is referenced herein and above, is an agent of SCOTTSDALE based upon her acts of commission and omission in the handling of Plaintiffs' claim, including inspections, adjustments, and aiding in the adjustment of the loss for or on behalf of the insurer. TEX.INS.CODE §4001.051.

Electronically Filed
2/11/2015 11:33:19 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0600-15-D

78.     Separately, and/or in the alternative, as referenced and described above, SCOTTSDALE ratified the actions and conduct of TULLY including the manner in which she discharged or failed to properly discharge her duties under the common law and applicable statutory laws and regulations.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

79.     Plaintiffs replead all of the material allegations above set forth in Paragraphs 1-78 and incorporate the same herein by this reference as if here set forth in full.

80.     Defendant SCOTTSDALE'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured in insurance contracts.

81.     Defendant SCOTTSDALE'S failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, SCOTTSDALE knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

82.     Plaintiffs are not making any claims for relief under federal law.

## FRAUD

83.     Plaintiffs replead all of the material allegations above set forth in Paragraphs 1-82 and incorporate the same herein by this reference as if here set forth in full.

84.     Defendants are liable to Plaintiffs for common law fraud.

85.     SCOTTSDALE represented in its Policy that covered Hail and Wind Damages would be insured against loss. Plaintiffs, to their detriment, purchased SCOTTSDALE'S policy in exchange for a benefit SCOTTSDALE knew the Plaintiffs would not receive. Plaintiffs further relied to their detriment upon the false, fraudulent and deceptive acts and practices employed by

Electronically Filed
2/11/2015 11:33:19 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0600-15-D

Defendants, in performing an inspection, investigation and evaluation of Plaintiffs' Storm damages. Plaintiffs were not knowledgeable in the manner and scope required to investigate a storm related loss, nor knowledgeable in insurance loss coverage issues. Defendants, based upon their experience, special knowledge of storm related structural loss issues and insurance coverage issues where able to deceive Plaintiffs into to believing that the property damage loss would be competently investigated by a qualified, ethical and experienced adjustor and that the loss would be properly, fairly and in good faith evaluated and assessed and the claim paid. Plaintiffs were unaware that all such representations and conduct relating to the investigation and handling of the claim were performed with the intent and purpose to defraud, take advantage of and deny and/or undervalue the property losses sustained by Plaintiffs. Plaintiffs relied to their detriment on such actions and representations resulting in the losses and damages complained of herein. Plaintiffs have been unable to repair the Storm damages and/or make temporary repairs using Plaintiffs' own limited funds, prolonging Plaintiffs' hardship of living in a storm damaged home. Defendants knew at the time the above misrepresentations and fraudulent conduct occurred that the representations contained in the estimate of loss and communicated to Plaintiffs were false. Each and every one of the representations and deceptive acts and practices, as described above, and those stated in this paragraph, concerned representations and falsehoods concerning material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendants knew were false or made recklessly without any knowledge of their truth as a positive assertion.

86.     The statements were made with the intention that they should be acted and relied upon by Plaintiffs, who in turn acted in reliance upon such statements and actions, thereby causing Plaintiffs to suffer injuries and constituting common law fraud.

Electronically Filed
2/11/2015 11:33:19 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0600-15-D

## CONSPIRACY TO COMMIT FRAUD

87.    Plaintiffs replead all of the material allegations above set forth in Paragraphs 1-86 and incorporate the same herein by this reference as if here set forth in full.

88.    Defendants are liable to Plaintiffs for conspiracy to commit fraud. Defendants were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendants committed an unlawful, overt act to further the object or course of action. Plaintiffs suffered injuries as a proximate result.

### I. KNOWLEDGE

89.    Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

### J. DAMAGES

90.    Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

91.    As previously mentioned, the damages caused by the March 29, 2012 hailstorm and/or windstorm have not been properly addressed or repaired in the months since the Storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendants' mishandling of Plaintiffs' claim in violation of the laws set forth above.

92.    For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

Electronically Filed
2/11/2015 11:33:19 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0600-15-D

93.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs asks for three times their actual damages. TEX. INS. CODE §541.152.

94.     For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

95.     For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

96.     For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

97.     For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## K. STATEMENT OF RELIEF AND DAMAGES

98.     As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiffs' counsel

Electronically Filed
2/11/2015 11:33:19 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0600-15-D

states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seek monetary relief, the maximum of which is over $100,000 but not more than $200,000. A jury, however, will ultimately determine the amount of monetary relief actually awarded. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

## L. RESERVATION OF RIGHTS

99.    Plaintiffs reserve the right to prove the amount of damages at trial. Plaintiffs reserve the right to amend their petition to add additional counts upon further discovery and as their investigation continues.

## M. JURY DEMAND

100.    Plaintiffs hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Hidalgo County, Texas. Plaintiffs hereby tender the appropriate jury fee.

## N. DISCOVERY

101.    Written Discovery in this case is governed by the following Order:

    a.  Standing Pretrial Order Concerning Hidalgo County Residential Hail Claims.

## O. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sum as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed

Electronically Filed
2/11/2015 11:33:19 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0600-15-D**

by law, and for any other and further relief, either at law or in equity, to which they are justly

entitled to.

Respectfully submitted,

Phipps, L.L.P.
The Phipps
102 Ninth Street
San Antonio, Texas 78215
Telephone:    (210) 340-9877
Telecopier:   (210) 340-9899
Email: bfisher@phippsllp.com

BY:    /s/ Martin J. Phipps
      MARTIN J. PHIPPS
      State Bar No. 00791444
      BLAYNE FISHER
      State Bar No. 24090099

**ATTORNEYS FOR PLAINTIFFS**

Plaintiffs' Original Petition

C-0600-15-D

| | | |
|---|---|---|
| IN RE: | § | IN THE DISTRICT COURT OF |
| | § | |
| HIDALGO HAIL | § | HIDALGO COUNTY, TEXAS |
| | § | |
| RESIDENTIAL PROPERTY | § | |
| | § | ___ TH JUDICIAL DISTRICT COURT |
| CLAIM LITIGATION | § | |

## STANDING PRETRIAL ORDER CONCERNING
## HIDALGO COUNTY RESIDENTIAL HAIL CLAIMS

It is hereby ORDERED that the 93rd, 206th and 370th District Courts of Hidalgo County, Texas, have been appointed as the Consolidated Pretrial Courts over Hidalgo Hail Litigation filed in District Court in Hidalgo County, Texas. The 93rd, 206th and 370th District Courts of Hidalgo County, Texas, have been assigned to handle all pretrial matters for residential property insurance cases filed in the District Courts of Hidalgo County, Texas that involve insurance disputes arising out of hail storms that struck Hidalgo County on or about March 29, 2012 and April 20, 2012.

IT IS ACCORDINGLY ORDERED AS FOLLOWS:

A.   This Order shall be affective and apply to all lawsuits filed in the District Court of Hidalgo County, Texas wherein any policyholder (the "Plaintiff Insured") asserts a claim arising from damage to residential property caused by the 2012 Hail Storms that struck Hidalgo County on or about March 29, 2012 and April 20, 2012, against an insurance carrier who issues insurance policies for residential property (the "Residential Insurance Carrier"); and

B.   Immediately upon the filing of this Order, the District Clerk shall post this Order on the Hidalgo County District Courts' website. Any Plaintiff who is aware of this Order shall attach a copy of this Order to its Original Petition, or to otherwise send a copy of this Order to any party, if pro se, or to such party's counsel of record.

C.   Within one hundred (100) days after the Residential Insurance Carrier makes an appearance in the lawsuit or the date of this Order, whichever is later, all parties are Ordered to agree on a mediator and mediation date. However, the mediation can be set to occur outside of this time period. Once the parties have agreed on a mediator and mediation date, they shall notify the Court by filing the attached Mediation Order (Exhibit "A"). If the parties make an agreement around the timing in this provision, the parties must obtain approval of their agreement from the Court.

D.   Immediately upon the filing of the Residential Insurance Carrier's Original Answer, the case will be abated until (1) 30 days after unsuccessful mediation or (2) notice by any party that the party desires to unilaterally end the abatement period applicable to a particular case 30 days from the date the notice is received by the opposing party. The abatement period will apply to all Court ordered deadlines or Rule 190 Discovery

C-0600-15-D

deadlines. The abatement period will not apply to any statutory deadline, interest or penalties that may apply under any statutory code or law. The parties may send written discovery during the abatement time period, however, the responses and objections to those discovery requests will not be due until 30 days after the earlier of an unsuccessful mediation or a party's termination of the abatement period.

E.   Furthermore, within 60 days of the filing of the Insurance Carrier's Original Answer or the date of this Order, whichever is later, the parties will use their best efforts to exchange information and documentation pertaining to the residence, to the extent same exists, including the following: Expert Reports, Engineering Reports, Estimates of Damage or repairs; Contents Lists for contents damage claim; Photographs; Repair Receipts or Invoices; the non-privileged portions of the Residential Insurance Carrier and Adjusting Company's claims file (including all claim diary notes, activity logs, loss notes and email correspondence regarding the insurance claim); payment ledger, payment log and/or proof of payment from the Insurance Carrier; a copy of the insurance policy in effect at the time of the respective Hail claim(s); and the non-privileged portions of the underwriting file. If the Insurance Carrier is not in possession of the Adjusting Company's/Adjuster's claims file, and the Adjusting Company/Adjuster is not a named as a party in the lawsuit represented by separate counsel, then the Insurance Carrier shall seek the Adjusting Company's claims file and use their best efforts to exchange this information within the 60 day time period. The Insurance Carrier is also Ordered to notify the independent adjusting company that all emails, activity notes and loss diary notes pertaining to the Hail claim in litigation shall be preserved and not destroyed pursuant to the Court's "Save & Hold" directive regarding those emails and claims correspondence. Lastly, a privilege log will also be produced in accordance with the Texas Rules of Civil Procedure for any redactions or privileges being asserted on any documents in the claims file or claim correspondence.

F.   Any Expert Reports, Engineering Reports, Contractor Estimates or any other estimates of damages or repairs obtained by directive of Counsel for settlement, demand, or mediation purposes and exchanged prior to mediation shall be for "Mediation Purposes Only" and shall be considered confidential, except that any estimates and/or reports that are part of the claims file, which were obtained or prepared during the claims handling, shall not be considered confidential under this paragraph. Otherwise, such reports and estimates exchanged for mediation purposes shall only be used at trial if Plaintiff or Defendant designates the consultant as a retained testifying expert and does not properly de-designate prior to trial. If a consultant, whose report is produced at mediation, produces a subsequent report for use at trial, the mediation report shall remain confidential unless agreed to otherwise. The reports and estimates are only confidential for the lawsuit in which they are being used. Expert reports designated for mediation purposes shall be returned to the providing party within 14 days of a written request by the providing party for their return after mediation. Such reports shall not be discoverable or admissible at trial or any hearing. If the party procuring the report designates the expert to testify, such party shall have the right to prevent discovery or testimony by the expert regarding the mediation report and any opinions therein. The procuring party may use data such as measurements and photographs without waiving this privilege. Nothing herein shall

C-0600-15-D

prohibit the use of those reports and estimates in any subsequent insurance claims or lawsuits involving the same Residential Insurance Carrier.

G.    Once a mediation date and mediator are agreed to by all parties, the Residential Insurance Carrier shall be permitted to inspect the residence involved in the lawsuit (as soon as practicable) prior to mediation. If mediation is unsuccessful, the Residential Insurance Carrier and other Defendants may reinspect the residence with the same, new or additional experts pursuant to the Texas Rules of Civil Procedure.

H.    The Mediator shall notify the Court within 48 hours once an impasse has been declared by the Mediator. This notice shall be in writing and sent to all parties and the Court.

I.    Upon the expiration of the abatement period applicable to the case (30 days) the parties will enter into an Agreed Scheduling Order, which will include a date for trial.

J.    The Court shall set a Status Conference to occur on each case under this Order 150 days from the date the Original Petition was filed and provide written notice to all parties of the date and time of the Status Conference.

Signed this 28th day of February _____, 2013.

_____
93rd District Court, Judge Rudy Delgado

_____
139th District Court, Judge Roberto Flores

_____
206th District Court, Judge Rosa Guerra Reyna

_____
275th District Court, Judge Juan Partida

_____
332nd District Court, Judge Mario E. Ramirez, Jr.

_____
370th District Court, Judge Noe Gonzalez

_____
389th District Court, Judge Letty Lopez

_____
430th District Court, Judge Israel Ramon, Jr.

*(signatures continued on next page)*

C-0600-15-D

_____
398th District Court, Judge Aida Salinas Flores

_____
92nd District Court, Judge Ricardo Rodriguez, Jr.